return of the commission, but is not of itself sufficient to justify a denial of the motion for a commission.

The order of September 4, 1912, is reversed, with $10 costs and disbursements, and the motion granted.

—————

### McDERMOTT v. CONLAN et al.

(Supreme Court, Appellate Division, First Department.   November 8, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 221*)—ACTIONS AGAINST ESTATE—SERVICES RENDERED DECEDENT—EVIDENCE.

In an action against executors for services rendered a decedent, evidence *held* insufficient to show either an express promise or facts from which a promise to pay for services rendered could be inferred.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 901–903½, 1858, 1861–1863, 1865, 1866, 1871, 1874, 1876; Dec. Dig. § 221.*]

Appeal from Trial Term, New York County.

Action by Joseph McDermott against Charles Conlan and another, as executors of the estate of Patrick Dunn, deceased.   From a judgment for plaintiff, and an order denying a motion for new trial, defendants appeal.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Francis Colety, of New York City, for appellants.
T. L. A. Britt, of New York City, for respondent.

DOWLING, J.   Plaintiff, by occupation a motorman upon a street railway, has recovered a judgment upon a verdict in the sum of $2,000 for services claimed to have been rendered to one Patrick Dunn in shaving him, trimming his hair, manicuring, massaging, and bathing him during a period beginning October 1, 1899, and ending June 15, 1907.   Dunn was a man of advanced years and in feeble health. The services claimed to have been rendered were testified to by witnesses, many of whom were related to plaintiff's wife.   Their testimony was in conflict with that offered on behalf of defendants, consisting, among others, of the barber who shaved Dunn twice a week and cut his hair monthly, from 1900 to 1907, covering nearly all of the time in question when plaintiff claims to have been so actively engaged in a similar line of work.

There were errors committed upon the trial sufficient to justify a reversal of the judgment herein, such as the receipt in evidence of the letter signed by Rev. G. J. Crowley and the refusal to charge as requested in defendants' first, second, and third requests.   But in the view which we take of this case the discussion of these errors is unnecessary.   We believe the complaint herein should have been dismissed at the close of the plaintiff's case, for he had failed entirely to establish any express promise by defendants to pay for any services

—————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be rendered by plaintiff, nor were any facts shown from which a promise could be reasonably inferred. The plaintiff was not in business as a barber or manicure, nor was he customarily engaged in the performance of duties as such. His practice was limited to Dunn. Such slight services as the jury might have been warranted in finding he had performed were rendered infrequently, at long intervals, and of a nature such as might well proceed from disinterested friendship or expectancy of testamentary remembrance, rather than from either the hope or promise of payment. No demand was ever made upon Dunn for any payment during his lifetime, nor was any intimation ever given him that a claim was growing up against him, based on the rendition of these alleged services. He never made a payment of any kind on account thereof. Claims of this nature, first presented after a decedent's death, resting on the oral evidence of witnesses related by blood or marriage to the claimant, without written evidence to support or corroborate them, and fortified by no admission of the decedent as to his liability thereon, cannot be deemed meritorious, except upon a larger measure of proof than this record affords.

The judgment and order appealed from will therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.